# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-633V

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                  *
                                                  *
MELISSA LARSON,                                   *   UNPUBLISHED
                                                  *
              Petitioner,                         *
                                                  *
                                                  *   Special Master Katherine E. Oler
v.                                                *
                                                  *   Filed: August 4, 2021
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *   Interim Attorneys' Fees and Costs
                                                  *
              Respondent.                         *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*John McHugh*, Law Office of John McHugh, New York, NY, for Petitioner.
*Jeremy Fugate*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 27, 2016, Melissa Larson ("Ms. Larson" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging she developed fibromyalgia from the influenza ("flu") vaccination she received on November 6, 2013. Pet. at 1, ECF No. 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On May 6, 2020, Petitioner filed an application for interim attorneys' fees and costs, totaling $69,665.67. Fees App. at 2, ECF No. 71. On May 15, 2020, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 72. Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2.

On November 14, 2020, Petitioner filed a supplement to her motion for interim attorneys' fees and costs. Supp. Fees App., ECF No. 71. On November 16, 2020, Respondent filed an identical response stating it was within my discretion to award interim attorneys' fees and costs. Supp. Fees Resp., ECF No. 72.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$56,532.51** in interim attorneys' fees and costs.

## I.   Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL

1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B.  Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C.  Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors.  The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.   Discussion

### A.  Undue Financial Hardship

This case has been in litigation for over five years and counsel for Petitioner have retained a total of three experts in this matter, although the expert fees for Dr. Marcel Kinsbourne are not currently requested. Fees App. at 2-3. Thus, I find it reasonable to award interim fees and costs at this juncture to avoid any undue financial hardship.

### B.  Good Faith and Reasonable Basis

4

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at the totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Petitioner has submitted expert reports from Dimitrios Karussis, M.D., Yehuda Shoenfeld, M.D., and Marcel Kinsbourne, M.D in support of her claim. *See* Exs. 15, 31, 90.

Drs. Karussis and Shoenfeld provided their medical opinions regarding Petitioner's symptoms, which included general muscle weakness, tachycardia, lightheadedness, gait abnormality. *See* Exs. 15, 31. Dr. Karussis is a neuroimmunologist and the "head of Hadassah [Medical School]," and Dr. Shoenfeld is an immunologist, who is the "head of The Center for Autoimmune Diseases" in Israel. Ex. 15 at 1; Ex. 31 at 1. Although the diagnosis of GBS was dismissed by Petitioner's treating physicians, Drs. Karussis and Shoenfeld maintain that GBS was the correct diagnosis. Specifically, Dr. Shoenfeld states Petitioner's treating physicians dismissed GBS as a diagnosis because she was found to have normal bilateral reflexes but patients with GBS can present with normal or exaggerated tendon reflexes or hyperreflexia. *See* Ex. 31 at 8. Dr. Karussis also provides the diagnostic criteria for fibromyalgia, Petitioner's given diagnosis, and states that she does not meet those criteria. Ex. 15 at 12. Dr. Karussis states that the more probable diagnosis is GBS and GBS is "the most common presentation of neurological post-vaccination syndromes". *See* Ex. 15 at 11, 12. Dr. Karussis cites literature which demonstrates there is an increased risk of GBS observed in patients who receive the swine flu vaccine. *Id.* at 12. In short, the expert opinions presented by Petitioner are sufficient to establish a reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

## C. Attorneys' Fees

Petitioner requests a total of $56,884.60 in attorneys' fees. Fees App. at 2, Supp. Fees App. at 1.

### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of

Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

### a. The Law Office of John F. McHugh Hourly Rates

Petitioner's counsel, Mr. McHugh, requests to be compensated at a rate of $454.00 per hour for 2018; $464.00 per hour for 2019; $480.00 per hour for 2020 and requests a paralegal rate of $125.00 per hour. Mr. McHugh's rates are inconsistent with those granted by other special masters. *See, e.g., Miles v. Sec'y of Health & Hum. Servs.,* No. 12-254V, 2018 WL 4704473 (Fed. Cl. Spec. Mstr. Sept. 7, 2018); *Deisher v. Sec'y of Health & Hum. Servs.,* No. 17-294V, 2019 WL 5598368 (Fed. Cl. Spec. Mstr. Oct. 2, 2019); *Kottenstette v. Sec'y of Health & Hum. Servs.,* No. 15-1016V, 2019 WL 5709372 (Fed. Cl. Spec. Mstr. Oct. 11, 2019); *O'Neal v. Sec'y of Health & Hum. Servs.*, No. 16-122V, 2021 WL 320616 (Fed. Cl. Spec. Mstr. Jan. 5, 2021). Mr. McHugh has been previously awarded an hourly rate of $430.00 for 2018; $454.00 for 2019; and $460.00 for 2020. As Special Master Dorsey noted, "Mr. McHugh's experience and competence do not warrant the top rate for an attorney in the Program." *O'Neal*, 2021 WL 320616 at *3. As with *O'Neal*, Mr. McHugh has made a number of filing errors that have resulted in the need to strike and refile exhibits. *See* non-PDF Orders granting Motion to Strike on 5/19/2020 and 7/8/2021. Furthermore, Petitioner's filings are riddled with formatting errors and included invoices from another case. *See* Fees App.; *see also* fn. 11. Thus, I will reduce Mr. McHugh's requested hourly rate to the rates that have been previously awarded in the Program: $430.00 for 2018;[4] $454.00 for 2019; $460.00 for 2020.

### b. Krueger, Hernandez & Thompson, SC Hourly Rates

Petitioner's former counsel, Mr. Mark Krueger, requests a rate of $300.00 per hour for work done before 2015; $350.00 per hour for work performed in 2015; $363.00 per hour for work performed in 2016; $376.00 per hour for work performed in 2017. *See* Fees App. at 9-11. Petitioner

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

[4] Mr. McHugh states in his application for fees that he was granted his requested rate in 2018 in *Kottenstette*. *See* Fees App. at 6. However, Special Master Horner stated that although Mr. McHugh requested an hourly rate of $445.00 for 2018, his billing reflected an hourly rate of $430.00. *See Kottenstette v. Sec'y of Health & Hum. Servs.*, No. 15-1016, 2019 WL 5709372 at *4 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Because this is what Mr. McHugh billed, Special Master Horner awarded an hourly rate of $430.00 for 2018. *See id.*

additionally requests a rate of $200.00 per hour for work performed by attorney Andrew Krueger and $200.00 per hour for work performed by attorney Stephanie Thompson (f/k/a Stephanie Schmitt). *See id.* Finally, Petitioner requests a paralegal rate of $125.00 per hour for work done prior to 2015, and a rate of $135.00 per hour for 2015, and a rate of $140.00 per hour for 2016-2018. *See id.* Several decisions demonstrate that counsel has been awarded similar rates. *See, e.g., Herrera v. Sec'y of Health & Hum. Servs.*, No. 15-651V, 2017 WL 1459002; *Rivera v. Sec'y of Health & Hum. Servs.*, 2017 WL 2460690 at * 4 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *Johnsen v. Sec'y of Health & Hum. Servs.*, No. 15-1219V, 2018 WL 1833424, (Fed. Cl. Spec. Mstr. Jan. 17, 2018); *Quance v. Sec'y of Health & Hum. Servs.*, No. 14-271V, 2018 WL 7017750 (Fed. Cl. Spec. Mstr. Dec. 13, 2018); *Schoeller v. Sec'y of Health & Hum. Servs.*, No. 17-111V, 2020 WL 6707819 (Fed. Cl. Spec. Mstr. Oct. 5, 2020); *O'Neal v. Sec'y of Health & Hum. Servs.*, No. 16-122V, 2021 WL 320616 (Fed. Cl. Spec. Mstr. Jan. 5, 2021). These rates are consistent with such work previously awarded in the Program. Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

### a. The Law Offices of John F. McHugh's Hours

Petitioner's counsel have provided a breakdown of hours billed. Fees App., Ex. A. Mr. McHugh requests a total of $33,534.90. *See id.* at 3. I find a reduction is appropriate for vague, excessive, and block billing. Mr. McHugh has been warned of this in the past. *See, e.g., Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *J.M. v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2018 WL 1514433 (Fed. Cl. Spec. Mstr. Feb. 13, 2018); *O'Neal v. Sec'y of Health & Hum. Servs.*, No. 16-122V, 2021 WL 320616 (Fed. Cl. Spec. Mstr. Jan. 5, 2021). As an example of excessive billing, Mr. McHugh billed 5.25 hours on 9/16/2019 for "Review all expert reports and literature" and billed 6.85 hours for "Review Rule 4c and all expert reports" on 9/19/2019. Fees App., Ex. A at 1-2. These types of entries total 9.45 hours in 2018[5] and 25.3 hours in 2019.[6] In my experience, the hours billed on these tasks is

---

[5] *See* entries on 11/14/2018 and 11/15/2018. Fees App., Ex. A at 1.

excessive. Consistent with Special Master Dorsey, I will award Mr. McHugh only 50% of his requested hours pertaining to these entries.

I additionally find that a reduction is required for Mr. McHugh's work in performing administrative tasks such as "Notice of Filing Kinsbourne reports" (1.2 hours) on 12/13/2019 and "Exhibit list" (2.1 hours) on 4/16/2020. Fees App., Ex. A at 2, 3. These tasks are non-compensable whether they are performed by an attorney or a paralegal. *See McCulloch*, 2015 WL 5634323, at *26. These entries total 3.3 hours, or a reduction of $1,510.80 over 2019-2020.

I will compensate Mr. McHugh a total of $23,268,05; $2,031.75 for 2018, $15,731.10[7] for 2019; $5,230.20[8] for 2020, and for paralegal work in 2019 of $275.00.

### b.  Krueger, Hernandez & Thompson, SC Hours

I have reviewed the breakdown of hours of hours billed by Krueger, Hernandez & Thompson, SC and find them to be largely reasonable. However, I find a reduction is appropriate for excessive time billed by paralegals for administrative tasks, such as drafting notices of filing, organizing and scanning exhibits, and filing documents in CM/ECF. These entries total 5.1 hours,[9] or a reduction of $714.00. I award Krueger, Hernandez & Thompson, SC a total of $22,635,70.

Total attorneys' fees to be awarded: **$45,903.75.**

### D.  Reasonable Costs

Petitioner requests a total of $12,781.07 in costs.[10] *See generally* Fees App. The Law Office of John McHugh requests $3,500.00 for Dr. Schoenfeld's expert fees and Krueger, Hernandez & Thompson, SC requests a total of $9,281.07 for Dr. Karussis' expert report, copying expenses, postage and FedEx expenses, the Court's filing fee, facsimile charges, and wire transfer fees.

---

[6] *See* entries on 5/28/2019, 9/16/2019, 9/19/2010, 11/18/2019, 12/3/2019, 12/12/2019. Fees App., Ex. A at 2-3.

[7] Mr. McHugh billed a total of 48.5 hours in 2019 and has been awarded a reduced hourly rate of $454.00. Thus, the amount awarded ($15,731.10) includes the reduction due to vague, excessive, and block billing (25.3 hours x 0.5 x $454.00) or $5,743.10; 22 hours (total remaining hours after 1.2 hours reduction for administrative task) x $454.00 = $9,988.00.

[8] Mr. McHugh billed a total of 13.47 hours in 2020 and has been awarded a reduced hourly rate of $460.00. Thus, 11.37 hours (total remaining hours after 2.1 hours reduction for administrative task) x $460.00 = $5,230.20.

[9] *See* entries on 4/27/2017, 12/27/2017, 1/24/2018, 1/25/2018, 2/28/2018, 3/5/2018.

[10] Mr. McHugh included invoices of medical record requests for a Christina Humphries, a FedEx receipt, and checks totaling $400.00 to the U.S. Court of Federal Claims for an unknown case. This was not included in his expense request for $3,500.00 (which is the amount requested for Dr. Shoenfeld's report), thus I will not compensate these unknown expenses, which do not seem to correlate to this case.

1. <u>Petitioner's Expert Costs</u>

Petitioner requests costs for the work performed by Drs. Karussis and Shoenfeld. Dr. Karussis billed a total of 10 hours for "reading the material and preparing the initial response", at an hourly rate of $500.00, totaling $5,000.00. Dr. Karussis has previously been awarded his requested rate and I see no reason to disturb such a request. *See generally Krause v. Sec'y of Health & Hum. Servs.*, No. 13-395V, 2017 WL 3471386 (Fed. Cl. Spec. Mstr. Jul. 20, 2017). I also find the time Dr. Karussis billed to complete his work on this case is reasonable, however I note that this would be categorized as block billing, thus counsel is warned to monitor Dr. Karussis' billing practices in the future. Accordingly, I award Dr. Karussis's expert costs in full.

Dr. Shoenfeld billed seven hours for his review of Petitioner's medical records, research, and preparation of his expert report at a rate of $500.00 per hour, totaling $3,500.00. Fees App. Other Special Masters and I have previously awarded Dr. Shoenfeld his requested rate and I see no reason to disturb this request. *See, e.g., Phillips v. Sec'y of Health & Hum. Servs.*, No. 16-906V, 2019 WL 3409975 (Fed. Cl. Spec. Mstr. May 16, 2019); *Hendrickson v. Sec'y of Health & Hum. Servs.,* No. 17-269V, 2021 WL 2371257 (Fed. Cl. Spec. Mstr. May 7, 2021); *see also Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2019 WL 5095634 (Fed. Cl. Spec. Mstr. Aug. 15, 2019) (granting Dr. Schoenfeld's requested hourly rate of $500.00); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 14-254V, 2018 WL 3991262 (Fed. Cl. Spec. Mstr. Jul. 3, 2018); *Garner v. Sec'y of Health & Hum. Servs.*, No. 15-63V, 2017 WL 6888834 (Fed. Cl. Spec. Mstr. Nov. 2, 2017) (granting Petitioner's requested fees and costs in full, including Dr. Schoenfeld's hourly rate of $500.00). I also find the time Dr. Shoenfeld billed to complete his work on this case is reasonable. Accordingly, I award Dr. Shoenfeld's expert costs in full.

I note that Krueger, Hernandez, and Thompson SC paid Dr. Schoenfeld $2,000.00 on 1/31/2017, however there is no additional invoice other than the one provided by Mr. McHugh for the amount of $3,500.00, thus $2,000.00 will be deducted from the total expenses requested. Petitioner can provide an invoice for this expense in a final fees application. Total expert costs to be awarded: $8,500.00.

2. <u>Miscellaneous Costs</u>

I have reviewed all miscellaneous costs for which compensation is requested and the supporting documentation. I note that documentation regarding postage, FedEx shipping costs, paper copies, wire transfer fees, and facsimile charges were not provided. I will award U.S. postage expenses since the postage expenditures parallel the United States postage prices throughout the years. I will also award copy expenses as they do not seem unreasonable. But I will defer the wire transfer fees, FedEx shipping expenses, and facsimile charges until supporting documentation has been provided in a final fees motion. These expenses total $151.56[11] and will not be awarded at this time. Total miscellaneous costs to be awarded: $2,129.51.

Total costs to be awarded: **$10,629.51.**

---

[11] Facsimile charges of $3.40 on 4/30/2014, $9.90 on 10/27/2015, $8.40 on 9/28/2016, $2.40 on 10/27/2016; FedEx costs of $42.46 on 5/26/2016; wire transfer fee of $45.00 on 1/31/2017, $40.00 on 1/31/2018.

## III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$56,533.26**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, John McHugh.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[12]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[12] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.